**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

ANTHONY DAVILA,                          *
                                         *
        Petitioner,                      *
                                         *          CV   120-179
        v.                               *          (Formerly CR 109-060)
                                         *
UNITED STATES OF AMERICA,                *
                                         *
        Respondent.                      *

_____

**CERTIFICATE OF APPEALABILITY**

_____

On February 23, 2021, the United States Magistrate Judge issued a Report and Recommendation recommending dismissal of Petitioner Anthony Davila's petition under 28 U.S.C. § 2255. Petitioner filed timely objections, which the Court overruled in its Adoption Order of March 30, 2021. The captioned case was closed, and judgment was entered against Petitioner on that same day. The Court dismissed Petitioner's ineffective assistance of counsel ("IAC") claims because he has no Sixth Amendment right to counsel in a revocation proceeding. (See Report and Recommendation, Doc. No. 6, at 3-4.)

On April 14, 2021, the Court received Petitioner's motion for leave to file an "addendum exhibit" to his objections. The motion to file this exhibit (doc. no. 11) is hereby **GRANTED**.

The exhibit is an unrelated case out of the Northern District of Alabama, wherein the district court held an evidentiary hearing and then analyzed the § 2255 petitioner's IAC claims against her revocation counsel under the Strickland standard.[1]  See Wedgeworth v. United States, 2020 WL 5749983 (N.D. Ala. Sept. 25, 2020). Petitioner argues that he stands in the same procedural posture as the petitioner in Wedgeworth; thus, Petitioner essentially claims that this Court erred in dismissing his IAC claims without holding a hearing and addressing the merits through a Strickland analysis. He bases his objection on Federal Rule of Criminal Procedure 32.1(b)(2)(D).[2]  Petitioner argues that this provision establishes a Sixth Amendment right to counsel in revocation proceedings.  He states, "Petitioner is entitled to '[e]ffective assistance of counsel' and that right is constitutionally protected by Fed. R. Crim. P. 32.1(b)(2)(D)."  (Pet.'s Obj., Doc. No. 8, at 12.)

---

[1]  Claims for deprivation of the Sixth Amendment right to effective assistance of counsel are analyzed under the two-part cause and prejudice standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984).

[2] Rule 32.1 provides that a defendant at a revocation hearing is entitled to "notice of the person's right to *retain* counsel or to *request that counsel be appointed* if the person cannot obtain counsel."  Fed. R. Crim. P. 32.1(b)(2)(D) (emphasis added).  The Sixth Circuit has, in dicta, highlighted this provision as an example of "having a right to *notice about* the availability of a right" as distinct from "having a right."  United States v. Dowl, 956 F.3d 904, 908 (6th Cir. 2020) (emphasis in original).

Petitioner is correct that a defendant in a revocation proceeding has certain procedural due process protections, and those protections are outlined in Rule 32.1(b)(2). See United States v. Roper, 795 F. App'x 785, 792 (11th Cir. 2020). Thus, a defendant is entitled to "(1) written notice of the alleged violation; (2) disclosure of the evidence against [him]; (3) an opportunity to appear, present evidence, and question any adverse witness, unless the court determines that the interest of justice does not require the witness to appear; (4) notice of the right to counsel;[3] and (5) an opportunity to make a statement and to present any information in mitigation." See id. (citing Fed. R. Crim. P. 32.1(b)(2)). The Eleventh Circuit made clear in Roper that these protections, while "crystallized" in Rule 32.1, are nonetheless "*constitutional* protections, not *statutory* protections." Id. (citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (emphasis in original)). Thus, Rule 32.1(b)(2)(D) provides Petitioner with a "limited Fifth Amendment due process right." See Chambers v. United States, 2019 WL 2763009, at *2 (W.D. Mich. 2019) (citing Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973)). This right, however, is not necessarily equivalent to the Sixth Amendment's guarantee of effective counsel. See id. (differentiating between

---

[3] Again, Rule 32.1(b)(2)(D) specifically states that a defendant has the right to "notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel."

the statutory right to counsel in a supervised release proceeding under Rule 32.1(b)(2)(D) and 18 U.S.C. § 3006A(a)(1)(E) and a constitutional right to effective assistance of counsel under the Sixth Amendment); United States v. Owen, 854 F.3d 536, 541 (8th Cir. 2017) ("The Sixth Amendment right to counsel applies only in a criminal prosecution, and a revocation hearing is an entirely different type of proceeding."); cf. Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 944 (11th Cir. 2014) ("The Supreme Court has long held that there is no constitutional right to counsel in post-conviction proceedings . . . which necessarily means that a habeas petitioner cannot assert a viable freestanding claim for the denial of the effective assistance of counsel in such proceedings."); United States v. Davis, 400 F. App'x 538, 539 (11th Cir. 2010) ("We have 'consistently held that there is no federal constitutional right to counsel in postconviction proceedings.'" (quoted source omitted)). Accordingly, the Court adheres to its conclusion that Petitioner's § 2255 petition has failed to assert a cognizable constitutional claim for a violation of his Sixth Amendment right to effective representation in a revocation proceeding. Thus, the case was properly dismissed.

The Court agrees with Petitioner that the appended Wedgeworth case appears to be at odds with this result because both he and the Wedgeworth petitioner are § 2255 petitioners who raised IAC claims related to the representation of their appointed attorneys

4

at their supervised release revocation proceedings. The Court notes, however, that the Government in the instant case moved to dismiss based upon Petitioner's failure to present a constitutional claim as required in a § 2255 petition. (See Gov't Mot. to Dismiss, Doc. No. 4, at 1 ("Where there is no constitutional right to counsel, there is no constitutional right to effective assistance. . . ." (citations omitted)).) In the Wedgeworth case, the Government did not move to dismiss on this basis; rather, the Government addressed one IAC claim under the Strickland standard and then advised the district court to have an evidentiary hearing on the issue of whether revocation counsel was ineffective in failing to file a notice of appeal. (See Wedgeworth v. United States, Case No. 2:19-CV-8039, Doc. No. 11 (N.D. Ala. Oct. 16, 2019).) Be that as it may, even had the Government not so moved, this Court would still have dismissed the instant case on the same grounds just as the district court did in Brigdon v. United States, 2011 WL 1456184, at *2 (S.D. Ga. Mar. 28, 2011) (noting that while the government had not addressed the matter, the petitioner could not seek § 2255 relief on ineffective-assistance grounds arising from a revocation proceeding).

In adhering to the prior analysis, the Court recognizes that the Eleventh Circuit has not addressed the issue of whether a defendant has a constitutional right to effective assistance of counsel at a revocation proceeding. And the district courts in

the circuit appear to handle IAC claims arising in the § 2255 context differently. Compare Wedgeworth, 2020 WL 5749983 (discussed above); Diaz v. United States, 2020 WL 1027334 (M.D. Fla. Mar. 3, 2020) (performing a Strickland analysis of the § 2255 petitioner's claim that his revocation counsel failed to challenge the legality of the traffic stop and the admissibility of the resulting evidence); and Davis v. United States, 2015 WL 5944280 (N.D. Ga. Oct. 13, 2015) (analyzing revocation counsel's representation of the defendant in a § 2255 proceeding under the Strickland standard), with Brigdon, 2011 WL 1456184, and Lee v. United States, 2006 WL 2175586 (M.D. Fla. Jul. 31, 2006) (stating that petitioner could not raise an IAC claim based on counsel's performance at a revocation proceeding).

The Court must now consider whether a certificate of appealability ("COA") should issue in the case under 28 U.S.C. § 2253(c)(2). Section 2253(c)(2) provides that a COA issue only if a petitioner makes a "substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, Petitioner has moved for a COA on several grounds but only one

appears to meet the COA standard.  Petitioner phrases the issue as whether his "right to 'effective assistance of counsel' is protected" under Federal Rule of Criminal Procedure 32.1(b)(2)(D). (Doc. No. 13, at 1.)  Certainly, district court cases in this circuit have differed in whether IAC claims against revocation counsel in a § 2255 proceeding should be dismissed or analyzed under the Strickland standard.  Accordingly, reasonable minds in this circuit may have handled Petitioner's claims in this case differently.  Moreover, the Eleventh Circuit has recently announced that Rule 32.1(b)(2) crystallizes certain *constitutional* rights including the "notice of the right to counsel." Roper, 795 F. App'x at 792.  For these reasons, the Court hereby **CERTIFIES** for appeal the issue raised by Petitioner to a finer point:  "Do the protections of Rule 32.1(b)(2)(D) provide a constitutional right to effective representation of counsel in a revocation proceeding wherein the defendant has appointed counsel?"

Upon the foregoing, the Judgment of March 30, 2021 remains in full force and effect.  Petitioner's motion for a certificate of appealability (doc. no. 13) and his motion to appeal *in forma pauperis* (doc. no. 15) are **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of May, 2021.

UNITED STATES DISTRICT JUDGE